IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

FILED
JUL 13 1999
LARRY W. PROPES, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| Educational Commission for Foreign Medical Graduates, ) ) ) Plaintiff, ) ) vs. ) ) Teknology-Laine, L.L.C., Michael Laine, and Badralsadat Madani, ) ) ) Defendants. ) | Civil Action No. 6:99-1676-24AK<br><br>**ORDER AND**<br>**REPORT OF MAGISTRATE JUDGE**<br><br>SCANNED |

This matter is before the court on the motion of Nelson Mullins Riley & Scarborough, L.L.P., and Shaw Pittman to be relieved as counsel for defendant Badralsadat Madani ("Madani"), and the motion of the plaintiff for a preliminary injunction. In its complaint, the plaintiff allege causes of action for trademark infringement and contributory infringement, unfair competition and false designation of origin, and trademark dilution and contributory trademark dilution.

The plaintiff, a not-for-profit organization that has a certification program to assess the readiness of graduates of foreign medical schools to enter graduate medical programs in the United States, is the owner of the "ECMFG" service mark. In 1995, the plaintiff registered the "ECFMG.ORG" domain name with Network Solutions, Inc. ("NSI"). Since that time, the plaintiff has operated its "ECFMG.ORG" website on the Internet. The plaintiff alleges that in January 1999, the defendants Teknology-Laine, LLC ("Teknology") and Michael Laine ("Laine"), at the request of defendant Madani, registered the Internet domain name "ECFMG.COM" with NSI. The name of defendant Madani's organization is the Earnest Campaign for Foreign Medical Graduates, which the plaintiff contends was so



named to create an acronym to mimic the plaintiff's Mark. According to the plaintiff, the defendants are using their website "to oppose the mission, policies and practices of ECFMG." Pl. mem. at 4. The plaintiff further claims that the defendants are wrongfully misappropriating ECFMG's registered mark and are causing injury to its reputation. The plaintiff contends that the defendants are using its Mark in conjunction with their website to cause confusion among Internet users and to divert users from the plaintiff's own website, while passing off their goods and services as those of ECFMG.

### *Motion to be Relieved as Counsel*

On June 24, 1999, defendant Madani filed a *pro se* answer to the plaintiff's allegations. She indicated in the answer that she wished to represent herself. Madani had previously retained Shaw Pittman to represent her, and Nelson Mullins Riley & Scarborough, L.L.P. was retained as local co-counsel. No opposition to the motion to be relieved has been filed. Furthermore, it does not appear that Madani will be prejudiced in any way by the granting of the motion nor will proceedings be delayed in this case. Based upon the foregoing, the motion to be relieved as counsel is granted.

### *Motion for Preliminary Injunction*

The plaintiff moves for a preliminary injunction prohibiting the defendants from using the plaintiff's Mark, registered as Certificate of Registration No. 1,018,521. The defendants have not filed a response to the plaintiff's motion. As it appears to the court that the plaintiff has a substantial likelihood of success in prevailing on the merits of its claims; that the plaintiff is suffering irreparable harm and has no adequate remedy of law; that the harm that will be suffered by the defendants if the preliminary injunction is granted is outweighed by the harm being suffered by the plaintiff; and that the public interest favors

2

the granting of a preliminary injunction in this matter, the preliminary injunction should be granted.

William M. Catoe
United States Magistrate Judge

July 12, 1999

Greenville, South Carolina