IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

FILED
NOV 1 2 1999
LARRY W. PROPES, CLERK
U. S. DISTRICT COURT

| | |
|---|---|
| Educational Commission for Foreign Medical Graduates,<br><br>        Plaintiff,<br><br>vs.<br><br>Teknology-Laine, L.L.C., Michael Laine, and Badralsadat Madani,<br><br>        Defendants. | Civil Action No. 6:99-1676-24AK<br><br>**ORDER AND**<br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the motion of the plaintiff for a more definite statement or, in the alternative, for default judgment against defendant Badralsadat Madani ("Madani"), who is now proceeding *pro se*; the motion of the plaintiff for deposit of domain name into the registry of the court; the motion of defendant Madani to dismiss; and the motion of defendant Madani for reconsideration of the September 29, 1999, order of the Honorable Margaret B. Seymour, which granted the plaintiff's motion for preliminary injunction. In its complaint, the plaintiff alleges causes of action for trademark infringement and contributory infringement, unfair competition and false designation of origin, and trademark dilution and contributory trademark dilution.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

The plaintiff, a not-for-profit organization that has a certification program to assess the readiness of graduates of foreign medical schools to enter graduate medical programs in the United States, is the owner of the "ECMFG" service mark ("the Mark"). In



1995, the plaintiff registered the "ECFMG.ORG" domain name with Network Solutions, Inc. ("NSI"). Since that time, the plaintiff has operated its "ECFMG.ORG" website on the internet. The plaintiff alleges that in January 1999, the defendants Teknology-Laine, LLC ("Teknology") and Michael Laine ("Laine"), at the request of defendant Madani, registered the internet domain name "ECFMG.COM" with NSI. The name of defendant Madani's organization is the Earnest Campaign for Foreign Medical Graduates, which the plaintiff contends was so named to create an acronym to mimic the plaintiff's Mark. Defendant Teknology, on behalf of Madani, is the registrant of the domain name ECFMG.COM and hosts a website at that domain name for Madani. According to the plaintiff, the defendants are using their website "to oppose the mission, policies and practices of ECFMG." Pl. mem. at 4. The plaintiff further claims that the defendants are wrongfully misappropriating ECFMG's registered mark and are causing injury to its reputation. The plaintiff contends that the defendants are using its Mark in conjunction with their website to cause confusion among internet users and to divert users from the plaintiff's own website, while passing off their goods and services as those of ECFMG.

***Motion for More Definite Statement***

The plaintiff has moved for a more definite statement or, in the alternative, for default judgment against defendant Madani, pursuant to Federal Rule of Civil Procedure 12(e). In her *pro se* answer, Madani alleges cross-claims against her co-defendants. She further states, "What am I being sued for? All I did I exercised my first amendment rights, Free speech." Madani answer at 2. Madani failed to admit or deny the complaint's averments as required by Federal Rule of Civil Procedure 8(b). Furthermore, she failed to state her defenses to each claim asserted. Federal Rule of Civil Procedure 12(e) provides,

2

"[i]f a pleading *to which a responsive pleading is permitted*[1] is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Federal Rule of Civil Procedure 7(a) provides that an answer to a cross-claim is allowed, and the court *may* order a reply to an answer. The court notes that the plaintiff has asserted Counts I, III, IV, VI, and VII against Madani, as well as the other defendants. Based upon the foregoing, Madani is directed to file an answer stating in short and plain terms her defenses to each claim asserted against her. She is further directed to admit or deny the plaintiff's assertions. Defendant Madani may do this by following the numbered paragraphs of the complaint and admitting, denying, or stating that she is without knowledge or sufficient information to form a belief as to the truth of each of the plaintiff's assertions, as set forth in Federal Rule of Civil Procedure 8(b). Defendant Madani is further directed to include a short and plain statement of any cross-claims or counterclaims as required by Federal Rule of Civil Procedure 8(a).

Therefore, based upon the foregoing,

IT IS ORDERED that the plaintiff's motion for more definite statement is granted, and the motion for default judgment is denied.

### Motion to Deposit Domain Name into Registry of the Court

Domain names consist of a second-level domain comprised of a term or series of terms (*e.g.* "ECFMG") followed by a top-level domain, any of which describe the nature of the enterprise. Top-level domains include ".com" (commercial), ".edu" (educational), ".org" (non-profit and miscellaneous organizations, ".gov" (government), ".net"

---

[1] The plaintiff misstates the rule in its memorandum as follows: "Federal Rule of Civil Procedure 12(e) states that a party may make a motion for a more definite statement if a pleading *which is a responsive pleading* is so vague or ambiguous that a party cannot reasonably be required to frame a response." Pl. mem. at 2.

3

(networking provider), and ".mil" (military). Network Solutions, Inc. ("NSI") is a registrar of internet second-level domain names in the top-level domain ".com." Pl. mem., ex. B, Gutowski decl. at ¶2. As noted above, in January 1999, the defendants Teknology and Laine, at the request of defendant Madani, registered the internet domain name "ECFMG.COM" with NSI. On registering a domain name, registrants agree to be bound by NSI's Domain Name Dispute Resolution Policy. *Id.*, ex. C, Policy at ¶17. Paragraph 10(b) of that Policy states:

> [I]n the event that:
> ***
> a.   The complainant files a civil action related to the registration and use of the domain name against the [domain name] registrant in a court of competent jurisdiction, and provides Network Solutions with a copy of the filed-stamped complaint, Network Solutions will maintain the status quo ante of the domain name record pending a temporary or final decision of the court. . . . Network Solutions will deposit control of the domain name into the registry of the court by supplying the complainant with the registry certificate for deposit. While the domain name is in the registry of the court, Network Solutions will not make any changes to the domain name record unless ordered by the court.

According to the plaintiff, it has reached a settlement of its claims against defendants Teknology and Laine in this action. Pl. mem. at 3. These defendants have agreed (1) to deposit the domain name ECFMG.COM into the registry of this court and neither use nor make any changes to the domain name pending disposition of this matter, and (2) to cease, desist, and permanently refrain from using the plaintiff's Marks. *Id.*, ex. A; Final Consent Decree. As noted above, Teknology is the domain name registrant. Courts that have considered domain name disputes have accepted NSI's tender and deposit of the domain name declaration as a means of maintaining the status quo ante pending the outcome of the litigation, without having to exercise jurisdiction over NSI as a nominal party. *See Toys "R" Us, Inc. v. Akkaoui*, 40 U.S.P.Q.2d 1836, 1839 (N.D. Cal. 1996) (court canceled domain name registration after NSI delevated complete control

4

regarding the disposition of the registration to the court); *Travel Impressions, Ltd. v. Kaufman*, No. 96-CV-4503JG, 1997 WL 1068700, at *2 (E.D. N.Y. 1997) (court dismissed NSI as a party because found that the deposit of domain name with the court would adequately protect plaintiff's interests).

Therefore, based upon the foregoing,

IT IS ORDERED that the plaintiff's motion to deposit domain name into the registry of the court is granted.

### Defendant Madani's Motions

Defendant Madani has moved to dismiss the plaintiff's action stating:

> My web address is ecfmg.com and theirs is ecfmg.org. What is the problem? They are non-profit organization and they should not have a web address with dot com. as a commercial domain name. That web address is mine, as the web address white house.com doesn't belong to the president or white house. Of course neither president nor white house have sued the owner to get that domain name. There are thousands similar situation to my case. None of them could get the desire domain name by force of attorneys and court order.

Def. motion at 1. The plaintiff has alleged that the defendants misused its ECFMG Mark and exploited the plaintiff's reputation and goodwill by wrongfully diverting internet users from ecfmg.org to ecfmg.com. A person who registers and uses a domain name does so subject to the rights of a valid trademark owner under federal law. *Cardservice Int'l, Inc. v. McGee*, 950 F.Supp. 737, 740 (E.D. Va. 1997), *aff'd*, 129 F.3d 1258 (4th Cir. 1997). Whether the defendant's motion is construed as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, the motion should be denied.

The defendant Madani has also moved for reconsideration of the September 29, 1999, order of the Honorable Margaret B. Seymour granting the plaintiff's

5

motion for preliminary injunction. Madani states that "[t]o order preliminary injunction without even having a hearing is unfair and against my constitutional rights. I appeal that decision." Def. mem. at 1. The plaintiff moved for a preliminary injunction on May 28, 1999, on the same date the complaint was filed. On June 14, 1999, the defendants' attorneys moved to extend time to respond to the motion for preliminary injunction. This motion was granted and the time for response was enlarged to June 18, 1999. The defendants did not respond to the motion. On June 24, 1999, the plaintiff filed a *pro se* answer and, on July 13, 1999, her attorneys' motion to be relieved as counsel was granted. Neither defendant Madani nor the other defendants objected to this court's report of July 13, 1999, recommending that the motion for preliminary injunction be granted, and on September 29, 1999, the district court granted the preliminary injunction.

For the reasons set forth in the September 29, 1999, order, as well as the reasons set forth in this court's July 13, 1999, report and recommendation, it is recommended that the plaintiff's motion be denied. However, as neither the order nor the recommendation required the posting of a bond by the plaintiff as required by Federal Rule of Civil Procedure 65(c), it is further recommended that the order be amended to require that the plaintiff post a bond in the amount of $500 until such time as the preliminary junction is released.

William M. Catoe
United States Magistrate Judge

November 12, 1999
Greenville, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. *Advance Coating Technology, Inc. v. LEP Chemical, Ltd.*, 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See *Mathews v. Weber*, 423 U.S. 261, 270-271 (1976); and *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See *United States v. Schronce*, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *Howard v. Secretary of HHS*, 932 F.2d 505, 508-509 (6th Cir. 1991). See also *Praylow v. Martin*, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In *Howard, supra*, the Court stated that general, non-specific objections are not sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

Accord *Lockert v. Faulkner*, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989)("no *de novo* review if objections are untimely or general"), which involved a *pro se* litigant; and *Goney v. Clark*, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See *Wright, supra*; and *Small v. Secretary of HHS*, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603