IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

Educational Commission for )
Foreign Medical Graduates, )
                            )
            Plaintiff, )        Civil Action No. 6:99-1676-24AK
                            )
                            )        **ORDER AND**
    vs.                     )   **REPORT OF MAGISTRATE JUDGE**
                            )
Teknology-Laine, L.L.C., Michael )
Laine, and Badralsadat Madani, )            **FILED**
                            )
            Defendants. )           MAR 0 2 2000
_____ )

LARRY W. PROPES, **CLERK**
**U. S. DISTRICT COURT**

This matter is before the court on the motions of the plaintiff for sanctions and

for summary judgment against defendant Badralsadat Madani ("Madani"), who is proceeding

*pro se*. In its complaint, the plaintiff alleges causes of action for trademark infringement and

contributory infringement, unfair competition and false designation of origin, and trademark

dilution and contributory trademark dilution.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A),

and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants

are referred to a United States Magistrate Judge for consideration.

The plaintiff, a not-for-profit organization that has a certification program to

assess the readiness of graduates of foreign medical schools to enter graduate medical

programs in the United States, is the owner of the "ECMFG" service mark ("the Mark"). In

1995, the plaintiff registered the "ECFMG.ORG" domain name with Network Solutions, Inc.

("NSI"). Since that time, the plaintiff has operated its "ECFMG.ORG" website on the internet.

The plaintiff alleges that in January 1999, the defendants Teknology-Laine, LLC ("Teknology")

and Michael Laine ("Laine"), at the request of defendant Madani, registered the internet

domain name "ECFMG.COM" with NSI. The name of defendant Madani's organization is the



Earnest Campaign for Foreign Medical Graduates, which the plaintiff contends was so named to create an acronym to mimic the plaintiff's Mark. Defendant Teknology, on behalf of Madani, is the registrant of the domain name ECFMG.COM and hosts a website at that domain name for Madani. According to the plaintiff, the defendants are using their website "to oppose the mission, policies and practices of ECFMG." Pl. mem. at 4. The plaintiff further claims that the defendants are wrongfully misappropriating ECFMG's registered mark and are causing injury to its reputation. The plaintiff contends that the defendants are using its Mark in conjunction with their website to cause confusion among internet users and to divert users from the plaintiff's own website, while passing off their goods and services as those of ECFMG.

On December 27, 1999, the plaintiff moved for sanctions against defendant Madani on the basis that she failed to appear for her deposition scheduled for December 10, 1999, and she failed to respond to the plaintiff's request for admissions, interrogatories, and request to produce, which were served on or about October 27, 1999. Pl. mem. a 1-2. Madani was served a notice of deposition along with the discovery requests. She responded on November 5, 1999, stating, "The Doposition [sic] better be between Dec 10 and Dec. 15." Id., ex. 3. Accordingly, the plaintiff issued another notice of deposition scheduling the deposition for December 10, 1999 at 10:30 a.m. On November 29, 1999, Madani filed a "Notice of Extension of Deposition" requesting that the plaintiff delay her deposition for 30 days. The plaintiff's counsel wrote her a letter stating that the discovery deadline was January 1, 2000, and the deposition could not be taken after that date. Id., ex. 6, 7. According to the plaintiff, Madani refused to provide an alternative date. She advised plaintiff's counsel via facsimile on December 8, 1999, that she would not attend the deposition because she had two exams scheduled on that date. Id., ex. 8. Madani did not appear for her deposition. Id., ex. 9.

The plaintiff has also moved for summary judgment as to Counts I, III, IV and VI of its complaint, which includes allegations of trademark infringement, false designation

2

of origin, trademark dilution, and common law unfair competition. Def. mem. at 1. The plaintiff bases the motion on the fact that Madani has not responded to the Request for Admissions of Fact. Therefore, it is the plaintiff's position that "Defendant's failure to respond to the Request for Admissions means that all facts contained therein have now been *conclusively established* for the purposes of this litigation." *Id.* at 4 (emphasis in original).

As noted above, the defendant Madani, a native of Iran, is proceeding *pro se.* In her response to the summary judgment motion, she states that she is "not familiar with any law neither familiar with any court procedure."

Now, therefore,

IT IS ORDERED that the plaintiff's motion for sanctions is denied at this time.

IT IS RECOMMENDED that the plaintiff's motion for summary judgment be denied at this time. The plaintiff's motion for extension of time to file a motion for summary judgment is moot.

The defendant is instructed that she must respond to the plaintiff's discovery requests, which include the interrogatories, requests to produce, and request for admissions of fact, on or before March 13, 2000. The Federal Rules of Civil Procedure, specifically Rules 30, 33, 34, 36, 37, should prove helpful to the defendant in preparing her responses. Should the defendant again fail to properly respond, the plaintiff may renew its motions to this court.

IT IS SO ORDERED.

WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

March 2, 2000

Greenville, South Carolina

3

# Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. *Advance Coating Technology, Inc. v. LEP Chemical, Ltd.*, 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See *Mathews v. Weber*, 423 U.S. 261, 270-271 (1976); and *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See *United States v. Schronce*, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *Howard v. Secretary of HHS*, 932 F.2d 505, 508-509 (6th Cir. 1991). See also *Praylow v. Martin*, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In *Howard, supra,* the Court stated that general, non-specific objections are not sufficient:

A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

Accord *Lockert v. Faulkner*, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989)("no *de novo* review if objections are untimely or general"), which involved a *pro se* litigant; and *Goney v. Clark*, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See *Wright, supra*; and *Small v. Secretary of HHS*, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603